UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 24-24613-CIV-MORENO

TODD HEADLEY,

        Plaintiff,

vs.

DILLON ROSENBLATT,

        Defendant.

_____/

## ORDER DENYING DEFENDANT DILLON ROSENBLATT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND COMPELLING ARBITRATION

THIS CAUSE came before the Court upon Defendant Dillon Rosenblatt's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative to Dismiss for Improper Venue or to Transfer to the Central District of California (**D.E. 7**).

THE COURT has considered the motion, the opposition, the reply, the pertinent portions of the record, and is otherwise fully advised in the premises. In his motion, Defendant Rosenblatt argues that this Court has no personal jurisdiction over him because his contacts with Florida neither satisfy Florida's long-arm statute nor the Due Process Clause of the Fourteenth Amendment. Alternatively, Rosenblatt joins Defendant LFG NFTs, Corp.'s ("Autograph") motion to compel arbitration. As explained below, the Court concludes that it has jurisdiction over Rosenblatt. However, because the Court concluded in its order granting Autograph's motion to compel arbitration that Plaintiff assented to a valid arbitration agreement, the Court compels arbitration of the fraudulent inducement claim Plaintiff asserts against Rosenblatt.[1]

---

[1] *See* the Court's order granting Autograph's motion to compel arbitration, filed concurrently with this order. The Court also incorporates here the background information it provided in that order.

I.  ANALYSIS

Rosenblatt argues that this Court has no personal jurisdiction over him, and that this case should thus be dismissed. A court must dismiss an action against a defendant over which it cannot exercise personal jurisdiction. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999). "A plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1274 (11th Cir. 2009)). On a motion to dismiss for lack of personal jurisdiction, where the district court does not conduct an evidentiary hearing, "the plaintiff must establish a prima facie case of personal jurisdiction over the nonresident defendant." *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990) (citations omitted). "When a defendant challenges personal jurisdiction 'by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" *Louis Vuitton*, 736 F.3d at 1350 (citation modified) (quoting *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir. 1990)). "[T]he district court decides the motion to dismiss based solely on the complaint and affidavits." *AcryliCon USA, LLC v. Silikal GmbH,* 985 F.3d 1350, 1364 (11th Cir. 2021). Whether the plaintiff satisfies the prima facie requirement is a purely legal question—the court must refrain from weighing evidence or making credibility determinations. *Id.* at 1364–65. A plaintiff meets this burden if he "presents enough evidence to withstand a motion for judgment as a matter of law." *Id.* at 1364 (citation omitted). The court should accept as true all unchallenged facts in the complaint and consider the parties' affidavit evidence. *Id.* To the extent that "the plaintiff's

2

complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Id.* (citation omitted).

Where, as here, a federal court's subject matter jurisdiction rests in diversity, the court "undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257–58 (11th Cir. 2010) (quoting *Mazer*, 556 F.3d at 1274).

### 1. Florida Long-Arm Statute: General Jurisdiction

Florida's long arm statute provides for general and specific personal jurisdiction. *Louis Vuitton*, 736 F.3d at 1352 (citing Fla. Stat. § 48.193(1)-(2)). A court may exercise general personal jurisdiction over a nonresident defendant where the defendant "is engaged in substantial and not isolated activity within [Florida], . . . whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). The United States Supreme Court has called an individual's domicile "the paradigm forum" for exercising general jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Plaintiff does not argue that this Court should exercise general jurisdiction over Rosenblatt, a citizen of California. *See* Rosenblatt Decl. ¶ 3. Instead, Plaintiff avers that this Court has specific personal jurisdiction over Rosenblatt because he committed a tortious act within the State of Florida.

### 2. Florida Long-Arm Statute: Specific Jurisdiction

A court may exercise specific personal jurisdiction over a defendant where the plaintiff's cause of action arises from the defendant's contacts with Florida, and those contacts fall within any of the nine enumerated categories provided in the statute. *Hard Candy, LLC v. Hard Candy*

3

*Fitness, LLC*, 106 F. Supp. 3d 1231, 1239 (S.D. Fla. 2015) (citing Fla. Stat. § 48.193(1)(a)). Plaintiff points only to one such exception for specific jurisdiction—"[c]omitting a tortious act within [Florida]." Fla. Stat. § 48.193(1)(a).

"Since the extent of the long-arm statute is governed by Florida law, federal courts are required to construe it as would the Florida Supreme Court." *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996) (quoting *Cable/Home Commc'n Corp.*, 902 F.2d at 856). This Court is required to strictly construe Florida's long-arm statute. *Id.* (citing *Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 891 (11th Cir. 1983)). And the Court is "bound to adhere to the interpretations of Florida's long-arm statute offered by Florida's District Courts of Appeal absent some indication that the Florida Supreme Court would hold otherwise." *Louis Vuitton*, 736 F.3d at 1352 (citation omitted).

Rosenblatt argues that Plaintiff has not satisfied his initial burden of establishing a prima facie case of personal jurisdiction over Rosenblatt under the long-arm statute. Specifically, he argues that the complaint neither contains sufficient factual allegations to allow the Court to plausibly conclude that Rosenblatt's actions fall under one of the statute's enumerated categories, nor does the complaint track the language of the statute. *See Gregory v. EBF & Assocs., L.P.*, 595 F. Supp. 2d 1334, 1339 (S.D. Fla. 2009) ("In order to plead a prima facie showing of personal jurisdiction, a plaintiff may either track the language of § 48.193, without pleading supporting facts, or allege specific facts to fit within one or more of the subsections." (citations omitted)). The Court agrees. Plaintiff's complaint fails to reference any of the long-arm statute's subsections. The complaint contains only the general allegation that "Plaintiff's causes of action accrued exclusively within ['Miami-Dade County, Florida']." Compl. ¶ 6. Where Plaintiff is specific, he alleges that Rosenblatt made certain misrepresentations in

Nevada—not Florida. *See id.* ¶¶ 22(d), 25(d). Plaintiff does not address these purported pleading deficiencies. The Court nevertheless moves to the parties' affidavits.

In Rosenblatt's declaration that he submitted alongside his motion to dismiss, he states that he has resided in Los Angeles County, California for two decades. Decl. (Ex. B), D.E. 6-1 at 94 ¶ 3. He maintains his permanent residence there and has no plans to move or otherwise change his permanent residence to a location outside of California. *Id.* In connection with his role as CEO at Autograph, Rosenblatt has visited Florida twice. *Id.* ¶ 7. In October 2022, he traveled to Florida for a 48-hour period to meet with a business partner, and in March 2023, he traveled to Florida for the same amount of time to attend the "Tom Brady End-of-Season-Party" with Autograph collectors. *Id.* Rosenblatt declares that he has never conducted personal business in Florida, he has not traveled to or contacted anyone in Florida to solicit customers to purchase Autograph collectibles, and Autograph did not obtain any new customers from his two visits to Florida. *Id.* ¶¶ 8–9.

With this evidence, the burden now shifts back to Plaintiff to provide evidence to support jurisdiction. Plaintiff declares that he communicated with Rosenblatt while Plaintiff resided in Miami, Florida. Decl. (Ex. A), ECF 15-1 at 3 ¶ 5. These communications took place over text messages and Discord chats and audio calls. *Id.* Plaintiff attached several screenshots of these conversations. *See* ECF 15-2, Ex. 2–7. Plaintiff also claims that he and Rosenblatt held a nineteen-minute audio call over Discord during which Rosenblatt "made material representations and promises of future events with the newly signed athletes/celebrities, emphasized . . . continue[d] trust[] [in] Rosenblatt, and further referenced future events in Miami." ECF 15-1 at 4 ¶ 7a. The Court concludes that specific jurisdiction under Florida's long-arm statute is met. Plaintiff's fraudulent inducement claim is predicated, at least in part, on the misrepresentations

that Rosenblatt purportedly made over this nineteen-minute audio call. Plaintiff's "cause of action [arose] from . . . a tortious act within [Florida]." Fla. Stat. § 48.193(1)(a)(2). After all, "[i]ntentional torts . . . may support the exercise of personal jurisdiction over the nonresident defendant who has no other contacts with the forum." *Licciardello v. Lovelady*, 544 F.3d 1280, 1285 (11th Cir. 2008).

### 3. Due Process

"The Due Process Clause ensures an out-of-state defendant has fair notice that he might be haled into the forum." *ECB USA, Inc. v. Savencia Cheese USA, LLC*, No. 23-12580, 2025 WL 2471541, at *5 (11th Cir. Aug. 28, 2025) (citation omitted). This analysis requires, "in the case of specific personal jurisdiction, that an out-of-state defendant have certain 'minimum contacts' with the forum state." *Id.* at *3 (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). A defendant has sufficient minimum contacts with the forum state when: (1) the plaintiff's claims "arise out of or relate to" one of the defendant's contacts with the forum state; (2) the nonresident defendant "purposefully availed" himself of the privilege of conducting activities within the forum state; and (3) the exercise of personal jurisdiction accords with traditional notions of "fair play and substantial justice." *Del Valle v. Trivago GMBH*, 56 F.4th 1265, 1275 (11th Cir. 2022) (citation omitted).

As the Court already explained, Plaintiff's fraudulent inducement claim arises, in part, out of Rosenblatt's alleged misrepresentations during the nineteen-minute audio call with Plaintiff. As to the second prong, Rosenblatt's contacts with Florida do enable the Court to conclude that he "purposefully availed himself of the privileges of doing business within the forum . . . such that [he] should reasonably anticipate being hauled into court in the forum." *Del Valle*, 56 F.4th at 1276. Rosenblatt maintains that he does not have constitutionally significant

contacts in Florida. He cites his two visits to Florida in his capacity as Autograph's CEO, which he claims generated no new clients for the company, the fact that he has never conducted personal business in Florida, and that he has not "contacted anyone in Florida to solicit customers to purchase Autograph collectibles." Decl., Ex. B (D.E. 6-1) at 95 ¶ 9. The statement about soliciting customers, though, is belied by Plaintiff's sworn statement regarding what transpired during their audio call. "Even a single act can give rise to such a connection to support the exercise of personal jurisdiction." *Elandia Int'l, Inc. v. Ah Koy*, 690 F. Supp. 2d 1317, 1338 (S.D. Fla. 2010). "[I]ntentional torts are classic examples of such acts." *Id.*

During the relevant time period, Plaintiff resided in Miami. Thus, the effects of Rosenblatt's alleged misrepresentations were felt in Florida. This is where the brunt of the harm was suffered. As evidenced by Plaintiff's exhibits, Rosenblatt knew that Plaintiff resided in Miami. As such, it would be unreasonable for Rosenblatt to conclude that he could not be hailed into court in Florida for inducing Plaintiff into purchasing his company's NFTs, even if the basis for this is a single call—a single act. Florida and its courts have an interest in resolving disputes involving out-of-state actors that harm Florida residents. This Court is no exception.[2]

Still, even though the Court concludes that it has jurisdiction over Rosenblatt, the Court finds that it must compel arbitration of Plaintiff's fraudulent inducement claim against Rosenblatt. This is so because, as the Court already concluded, Plaintiff assented to a valid and enforceable arbitration agreement, and the Federal Arbitration Act requires the Court to enforce it.

---

[2] Rosenblatt also argues that the corporate shield doctrine precludes him from being subject to this Court's jurisdiction. Not so. Plaintiff alleges, and sufficiently substantiated, at least at this stage for the purposes of establishing personal jurisdiction, that Rosenblatt committed an intentional tort. *See* Louis Vuitton, 736 F.3d at 1355. At this juncture, the Court does not weigh that evidence but concludes it is enough for the Court to reach this conclusion.

## II.  CONCLUSION

For the reasons set forth above, the Court concludes that it has personal jurisdiction over Defendant Dillon Rosenblatt. Nevertheless, the Court concludes that it must compel arbitration of Plaintiff's claim against Rosenblatt. Accordingly, it is

**ADJUDGED** that Defendant Dillon Rosenblatt's Motion to Dismiss for Lack of Personal Jurisdiction **(D.E. 7)** is **DENIED**.

It is further

**ADJUDGED** that Plaintiff and Rosenblatt are **COMPELLED** to proceed with arbitration pursuant to Section 11 of the Terms of Service. Pursuant to 9 U.S.C. § 3, it is further

**ADJUDGED** that:

I.  The Clerk of this Court shall mark this cause as closed for statistical purposes and place the matter in a civil suspense file.

II.  The Court shall retain jurisdiction, and the case shall be restored to the active docket upon motion of a party if circumstances change so that this action may proceed to final disposition.

III.  This order shall not prejudice the rights of the parties to this litigation.

IV.  Plaintiff shall notify the Court by **December 10, 2025**, and every three months thereafter, of the current status of the proceedings and when this action is ready to proceed.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ of September 2025.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record